Kevin L. MAIR, on behalf of himself and all others similarly situated, Plaintiffs,

v.

L. Winston BARTON, in his capacity as Secretary of the Kansas Department of Social and Rehabilitation Services, Defendant.

No. 87–4206–R.

United States District Court, D. Kansas.

Nov. 17, 1987.

Stephan E. Good, Lowell C. Paul, Legal Aid Society of Topeka, Topeka, Kan., Stephen M. Kirschbaum, Martha L. Ridgway, Wyandotte–Leavenworth Legal Services, Kansas City, Kan., for plaintiffs.

Bruce Roby, Matthew Boddington, Dept. of SRS, David D. Plinsky, Asst. Atty. Gen., John Petersen, Chief Counsel, Office of the Governor, Topeka, Kan., for defendant.

## ORDER

ROGERS, District Judge.

This is a class action brought by plaintiff on behalf of himself and all other present and future recipients of medical assistance under the Kansas Medicaid program for whom the drug zidovudine, a/k/a azidothymidine (AZT), currently marketed under the brand name Retrovir, has been prescribed by their physicians. The plaintiffs claim that the defendant's refusal to provide Medicaid coverage for AZT is inconsistent with and in violation of the federal statutes governing the Medicaid program. They seek a declaratory judgment and a permanent injunction prohibiting the defendant from continuing to exclude AZT from Medicaid coverage.

On July 27, 1987, the court issued a preliminary injunction prohibiting the defendant from refusing to include the drug AZT in the list of drugs covered by the Kansas Medicaid program until a final hearing and determination of the merits of this case. On October 13, 1987, the court granted the plaintiff's motion to certify a class as described above in this action.

On October 8, 1987, the parties to this action filed a Joint Stipulation of Settlement with the court which proposes to settle and compromise all issues between the parties in this case. This matter is now before the court, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, to determine whether the Joint Stipulation of

Settlement should be approved by the court.

■■■■ The court, after hearing the statements of counsel, finds that the Joint Stipulation of Settlement of the parties is fair and reasonable and should be approved by and made the order of the court. A true and correct copy of the Joint Stipulation of Settlement is attached to this order and is made a part thereof. The court further finds that the Joint Stipulation of Settlement provides the certified class with all of the relief sought by the plaintiffs, and that the rights of the class members could not be prejudiced by approval of the settlement without notice to the class. The court therefore finds that no notice to the class of the settlement of this action is necessary.

Finally, the court finds that the approval of the Joint Stipulation of Settlement resolves all of the issues between the parties in this case, and that this case should therefore be dismissed without prejudice.

IT IS THEREFORE ORDERED that the Joint Stipulation of Settlement between the parties be approved and made the order of the court. It is further ordered that this case be dismissed without prejudice.

IT IS SO ORDERED.

## APPENDIX

### JOINT STIPULATION OF SETTLEMENT

The above class action was filed on July 24, 1987, by plaintiffs to require the defendant, Secretary of Social and Rehabilitation Services, to include the drug zidovudine, a/k/a azidothymidine (AZT), currently marketed by Burroughs–Wellcome Company under the brand name "Retrovir," on its Medicaid formulary list. A Preliminary Injunction was issued by Judge Richard D. Rogers in his Memorandum Decision of July 27, 1987, enjoining the defendant from refusing to include AZT on the Medicaid formulary until a final hearing on the merits. The parties have now agreed to resolve all issues through this Joint Stipulation of Settlement. Accordingly, the parties stipulate and agree as follows:

1. The class of plaintiffs covered is defined as all present and future Kansas Medicaid eligible individuals who have had, or will have, the drug AZT prescribed for them by their physicians, and the class is agreed to be certified.

2. The effective date of this agreement shall be from and after July 27, 1987, and shall apply to all qualified class members.

3. Defendant agrees to the immediate transmittal by written notice to all Kansas Medicaid physicians and pharmacists that AZT is now part of the Medicaid drug formulary. The parties shall provide such notice to the class members as the Court shall direct.

4. This Joint Stipulation of Settlement shall be submitted to the Court for final approval and incorporation into the Court's Order.

5. For as long as prescription drugs are covered by the Kansas Medicaid program, defendant shall provide the drug AZT, or its comparable equivalent, to the class of plaintiffs in amount, scope, and duration sufficient to reasonably achieve its purpose for as long as it is medically necessary, and in accordance with all other applicable federal and state statutes and regulations governing the Medicaid program.

6. Defendant shall provide written notification to plaintiffs' attorneys of its intention (should the occasion arise) to remove AZT from the Medicaid formulary list as soon as is reasonably practicable upon reaching such decision, but no less than ten days prior to the effective date of removal, along with a detailed rationale for proposing to remove AZT from the list.

7. Plaintiffs' attorneys agree to waive attorney fees.

8. Defendant shall be responsible for all costs incurred herein.

9. The agreed conditions are not severable.

THIS AGREEMENT is executed this 18th day of September, 1987.

(s) Stephan E. Good
STEPHAN E. GOOD
Legal Aid Society of Topeka

522

(s) Lowell C. Paul
LOWELL C. PAUL
 Legal Aid Society of Topeka

(s) Stephen M. Kirschbaum
STEPHEN M. KIRSCHBAUM
Wyandotte–LeavenworthLegal Services

(s) Martha L. Ridgway
MARTHA L. RIDGWAY
Wyandotte–Leavenworth Legal Services

For Plaintiffs.

(s) Bruce Roby
BRUCE ROBY
 Department of SRS

(s) Matthew Boddington
MATTHEW BODDINGTON
Department of SRS

(s) David D. Plinsky
DAVID D. PLINSKY
Asst. Atty. Gen.

(s) John Petersen
JOHN PETERSEN
Chief Counsel, Office of the Governor

For Defendant.